IN THE CIRCUIT COURT
FOR BALTIMORE COUNTY MARYLAND

**EXHIBIT C**

| | |
|---|---|
| **KIM M. ORSER,**<br>903 Peppard Drive<br>Bel Air, Maryland 21014<br><br>PLAINTIFF,<br><br>v.<br><br>**COSTCO WHOLESALE**<br>**CORPORATION**<br><br>Serve: The Corporation Trust, Inc.<br>      2405 York Road<br>      Suite 201<br>      Lutherville Timonium, MD 21093<br><br>DEFENDANT. | C-03-CV-21-001073<br>CASE No.: _____<br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW INTO COURT COMES the Plaintiff, Kim M. Orser, by and through her attorneys, Ray M. Shepard and THE SHEPARD LAW FIRM, LLC, and sues the Defendant, Costco Wholesale Corporation, and for her cause of action Plaintiff alleges as follows:

**PARTIES**

1. Plaintiff, Kim M. Orser, is an adult resident of Maryland residing at 903 Peppard Drive, Bel Air, Maryland 21014.

2. Defendant, Costco Wholesale Corporation, is a foreign corporation formed under the laws of Washington that maintains its principal office at 999 Lake Drive, Issaquah, Washington 98027. Costco Wholesale Corporation operates a warehouse wholesale business located at 9919 Pulaski Highway, Baltimore, Maryland 21220. Costco is a membership based wholesale seller of groceries and various other household items that serves the Baltimore County area.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to Md. Code Ann., Cts. & Jud. Proc. § 1-501, and also has personal jurisdiction over the parties pursuant to Md. Code Ann., Cts. & Jud. Proc. § 6-103.

4. Venue is proper in Anne Arundel County pursuant to Md. Code Ann., Cts. & Jud. Proc. § 6-201 because the Defendant regularly conducts business in Baltimore County, Maryland.

## STATEMENT OF FACTS

5. On April 15, 2018, Plaintiff was shopping at Costco Wholesale Corporation ("Costco") located at 9919 Pulaski Highway, Baltimore, Maryland 21220.

6. As Plaintiff walked down the main isle of the store shopping, Plaintiff turned the corner, stepped on a pile of strawberries and slipped and fell to the floor.

7. Plaintiff's right leg went out from underneath of her and her left leg twisted sideways as she fell. She immediately felt a pain in her left knee.

8. Plaintiff made her way to the front desk to let an employee know she had fallen and would like to report the incident. Plaintiff informed the employee at the front desk that she had fallen. A manager assisted Plaintiff if completing an accident report.

9. Unbeknownst to Plaintiff, there were strawberries piled on the floor in the shopping isle of the grocery store creating an unreasonably dangerous condition. The strawberries were not near the produce section of the store.

10. Defendant, acting by and through its agents, servants and/or employees knew, or in the exercise of due caution and diligence, should have known of the unreasonably dangerous condition, but failed to take any measures to protect and/or advise customers of its presence.

11. Because its customers are business invitees, Defendant owes the highest duty of care to its customers, including Plaintiff, to use reasonable and ordinary care to keep its premises safe for its customers and to protect its customers from injury caused by an unreasonable risk which the customer, by exercising ordinary care for the customer's own safety, may not discover.

12. On April 15, 2018, at the time of Plaintiff's fall, the Defendant owed a duty of care to Plaintiff to protect her and advise her of the unreasonably dangerous condition then and there existing, and should have corrected same, should have properly inspected the premises for such conditions and should have warned the Plaintiff and other customers of the dangerous condition.

13. The Defendant breached its duty of care to Plaintiff when it carelessly and negligently failed to take any measures to correct said condition, failed to properly inspect the premises and/or protect or advise Plaintiff of the unreasonably dangerous condition.

14. After falling in the store, Plaintiff was treated by John O'Hearn, M.D. who recommended surgery. Plaintiff sought a second opinion from Richard Levine, M.D. where she was given a leg brace to wear to see if the injuries would heal without surgical intervention. After Dr. Levine released Plaintiff from treatment, she continued to experience pain in her leg and back and sought treatment at Gold Medal Physical Therapy.

15. As a result of her fall in the grocery store, Plaintiff suffered a subchondral fracture of the lateral tibial plateau with evidence of a displaced flap tear of the lateral meniscus and evidence of chondrosis involving the lateral tibial femoral compartment. Plaintiff is still suffering with pain in her leg and is still seeking treatment to obtain relief from lingering issues related to the slip and fall.

16. Plaintiff's injuries caused severe pain and discomfort, some of which may be permanent, caused Plaintiff to incur medical bills and expenses, and also rendered Plaintiff unable to work for approximately 8 days.

17. Defendant's breach of duty was the direct and proximate cause of Plaintiff's severe injuries.

## COUNT I
## (NEGLIGENCE)

18. Plaintiff incorporates each of the forgoing paragraphs as if repeated herein verbatim.

19. The Defendant was under a duty to protect the Plaintiff from injury. Defendant was required to use reasonable and ordinary care to keep its premises safe for its customers and to protect its customers from injury caused by an unreasonable risk which the customer, by exercising ordinary care for the customer's own safety may not discover.

20. The Defendant breached the duty of care owed to Plaintiff by failing to keep its premises safe, by failing to properly inspect the premises for unreasonably dangerous conditions, by failing to warn Plaintiff and other customers of the dangerous condition then existing, and by failing to correct the dangerous condition before shoppers could be injured.

21. As a result of Defendant's negligence and breach of duty, Plaintiff suffered severe injuries to her left knee and body, to include a subchondral fracture of the lateral tibial plateau with evidence of a displaced flap tear of the lateral meniscus and evidence of chondrosis involving the lateral tibial femoral compartment.

22. Plaintiff's injuries proximately resulted from Defendant's negligence and breach of duty, and could have been completely avoided had Defendant not breached the standard of care owed to its customers.

4

WHEREFORE, Plaintiff demands trial by jury and judgment against the Defendant in an amount to be determined at trial, but which exceeds the sum of $75,000, plus interest and costs.

Respectfully submitted,

/s/Ray M. Shepard
Ray M. Shepard, CPR #9112190158
THE SHEPARD LAW FIRM, LLC
122 Riviera Drive
Pasadena, Maryland 21122
(410) 255-0700
(443) 773-1922 (fax)
Ray@Shepard.Law
*Attorneys for Plaintiff*

5